UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 04-10014 CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
v.                             )
                               )
STEVEN RODGER and JACOB PERRY  )
                               )
           Defendants.         )



FILED by _____ D.C.

FEB 19 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF F. - KE WEST

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General through its undersigned attorneys and on behalf of the Secretary of the United States Department of Commerce, hereby files this complaint alleges as follows:

### NATURE OF THE ACTION

1. This action, filed under the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, et seq., seeks damages, response costs, and injunctive relief, for Defendants' destruction of natural resources in the Florida Keys National Marine Sanctuary (the "Sanctuary").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal question) and 1345 (United States as plaintiff), 16 U.S.C. §§ 1437(j) (NMSA Enforcement: Injunctive

1



Relief) and 1443(c)(2) (NMSA Civil Actions: Venue).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(Venue generally) and 16 U.S.C. § 1443(c)(2) (NMSA Civil Actions: Venue), because it is the judicial district in which the defendants reside and in which the destruction of, loss of, or injury to a sanctuary resource occurred.

## PARTIES

4. Plaintiff, the United States, files this case as the trustee of the Sanctuary. The President designated the Secretary of the Department of Commerce as the trustee of natural resources managed or protected by the Department and that are found in or under waters navigable by deep draft vessels. 40 C.F.R. § 300.600(b)(1). Pursuant to Department Organization Order 25-6, the Secretary of the Department of Commerce delegated trusteeship over the sanctuary resources found within the Sanctuary to the Under Secretary for Oceans and Atmosphere in the National Oceanic and Atmospheric Administration ("NOAA").

5. Defendant Steven Rodger is a natural person residing in Key West, and is a "person" within the meaning of the NMSA.

6. Defendant Jacob Perry is a natural person residing in Key West, and is a "person" within the meaning of the NMSA.

## FLORIDA KEYS SANCTUARY ACT

7. In November 1990, Congress established the Sanctuary pursuant to the Florida Keys National Marine Sanctuary and

2

Protection Act § 5, Pub. L. No. 101-605, § 5, 104 Stat. 3089 (1990). In establishing the Sanctuary, Congress specifically found that the Sanctuary's marine environment is "fragile and easily susceptible to damage from human activities," Id. § 2(4), and that "[t]hese marine environments are subject to damage and loss of their ecological integrity from a variety of sources of disturbance," Id. § 2(5). Congress established the Sanctuary in order to protect the "spectacular, unique, and nationally significant marine environments, including sea grass meadows, mangrove islands, and extensive living coral reefs" within the boundaries of the Sanctuary. Id. § 2(2)

## NATIONAL MARINE SANCTUARIES ACT

8. Under the NMSA, any person who destroys, causes the loss of, or injures any sanctuary resource is liable to the United States for response costs and damages resulting from such destruction, loss, or injury and for injunctive relief to restore or replace sanctuary resources. 16 U.S.C. § 1443(a)(1).

9. The NMSA defines "sanctuary resource" as "any living or nonliving resource of a national marine sanctuary that contributes to the conservation, recreational, ecological, historical, research, educational, or aesthetic value of the sanctuary." 16 U.S.C. § 1432(8).

10. The NMSA defines "response costs" as "the costs of actions taken by the Secretary to minimize destruction or loss of, or injury to, sanctuary resources, or to minimize the

imminent risks of such destruction, loss, or injury." Id. § 1432(7).

11. The NMSA defines "damages" to include, inter alia: the cost of restoring a sanctuary resource; the value of the lost use of a sanctuary resource pending its restoration; the cost of damage assessments; the reasonable cost of monitoring appropriate to the injured or restored resources; and the cost of enforcement actions. 16 U.S.C. § 1432(6).

12. If NOAA determines that there is an imminent risk of injury, or that there has been actual injury, the United States may seek "such relief as may be necessary to abate such risk or actual destruction, loss, or injury, or to restore or replace the sanctuary resource, or both." The District Courts has jurisdiction to order such relief as the public interest and the equities of the case may require. 16 U.S.C. § 1437(j).

## GENERAL ALLEGATIONS

13. On September 20, 2000, enforcement officers with the Florida Wildlife Conservation Commission observed Rodger and Perry placing debris into the waters of the Sanctuary for the purpose of attracting spiny lobsters for harvesting.

14. The enforcement officers seized Rodger and Perry's global position system (GPS) unit, which contained 335 saved waypoints of latitude/longitude coordinates. NOAA staff have investigated 147 of these waypoints, and found that 120 sites contained illegal debris and materials.

4

15. The illegal materials included cut-up garbage dumpsters, concrete slabs and blocks, corrugated and flat metal sheets, wood blocks, car hoods, and bathtubs. These items were arranged on the sea floor to create unnatural lobster habitat.

16. The habitats in which these illegally-placed materials were located are predominantly mixed hard-bottom communities and seagrass communities. Each piece of debris placed in these habitats has a direct effect on the resource by physically crushing sea grasses, stony corals, soft corals, sponges, and numerous invertebrates.

17. Collectively, the unnatural habitat debris potentially disrupt the natural migration pattern of the spiny lobster community from the Florida Keys up the Atlantic coast of Florida.

18. Hard-bottom habitats, seagrass habitats, and spiny lobsters are living resources within the confines of the Sanctuary and provide conservation, ecological, research, educational and aesthetic value to the sanctuary. Hard-bottom habitats, seagrass habitats, and spiny lobsters, are each a "sanctuary resource" within the meaning of 16 U.S.C. § 1432(8).

19. To minimize the destruction of, and injury to sanctuary resources, to minimize the imminent risks of such destruction and injury, and to restore the sanctuary resources, NOAA cleared the illegal debris at 114 of the 120 sites to date. Actions included the following: locating each site, documenting the injuries, removing the debris using heavy equipment and a team of offshore

workers, and overseeing the contractors operations. The costs of these activities are "response costs" within the meaning of the NMSA. 16 U.S.C. § 1432(7). The costs of these activities are also "damages" within the meaning of the NMSA. 16 U.S.C. § 1432(6)(A)(i)(I).

20. During NOAA's response efforts to date, approximately 65 tons of debris materials have been removed from the 147 documented sites, at a total cost to NOAA of approximately $300,000.

**CLAIM FOR RELIEF**

21. Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22. Pursuant to the NMSA, 16 U.S.C. § 1443(a), defendant Rodger is jointly and severally liable for all past and future "response costs," plus interest, and "damages," plus interest, resulting from the destruction, loss of, and injury to sanctuary resources.

23. Pursuant to the NMSA, 16 U.S.C. § 1443(a), defendant Perry is jointly and severally liable for all past and future "response costs," plus interest, and "damages," plus interest, resulting from the destruction, loss of, and injury to sanctuary resources.

24. The Secretary has determined that the Defendants' activities have caused the actual destruction, loss of, and injury to sanctuary resources, and present an imminent risk of

future injury destruction, loss of, and injury to sanctuary resources, and has requested that the Attorney General seek injunctive relief from Defendants. Accordingly, pursuant to 16 U.S.C. § 1437(j), the United States seeks such injunctive relief as may be necessary to abate destruction, loss, or injury, or to restore or replace the sanctuary resource, or both.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America respectfully prays and requests that this Court:

1.  Enter a judgment against Mr. Rodger for all "response costs," plus interest, and "damages," plus interest, incurred by the United States relative to Roger's activities within the Sanctuary;

2.  **Enter a judgment** against Mr. Perry for all "response costs," plus interest, and "damages," plus interest, incurred by the United States relative to Perry's activities within the Sanctuary;

3.  Issue such injunctive relief as may be necessary to abate destruction, loss, or injury, or to restore or replace the sanctuary resource, or both;

4.  Award the United States its costs and disbursements in this action; and

//

//

//

7

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Date:

*/signature/*

W. Benjamin Fisherow
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice

Date: 2/11/04

*/signature/*

Steven O'Rourke
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
 Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
Tel: (202) 514-2779
Fax: (202) 514-2583

OF COUNSEL:
JASON FORMAN
Office of the General Counsel
U.S. Department of Commerce
National Oceanic and Atmospheric Administration
Silver Spring, Maryland

∾JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES

**04-10014 CIV-MOORE**

### DEFENDANTS
STEVEN RODGER AND JACOB PERRY

(b) County of Residence of First _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**MAGISTRATE JUDGE O'SULLIVAN**

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED by _____ D.C.
FEB 19 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - KEY WEST

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steve O'Rourke
U.S. Depart of Justice
Environmental Enforcement Section
P O Box 7611
Washington, DC  20005

Attorneys (If Known)
Edward W. Horan
Horan, Horan & Wallace
608 Whitehead Street
Key West, Florida 33040

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| X 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | X 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity.)

National Marine Sanctuaries Act, 16 U.S.C. §§ 1441, ET SEQ, case for damages, costs, and injunctive relief, for Defendants' destruction of natural resources in the Florida Keys National Marine Sanctuary

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Costs

CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 2/18/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY