UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 04-10014 CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA, )
　)
　　　　　Plaintiff, )
　)
v. )
　)
STEVEN RODGER and JACOB PERRY )
　)
　　　　　Defendants. )

FILED by _____ D.C.
FEB 2 4 2004
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**CLOSED CIVIL CASE**

**CONSENT DECREE**

This Consent Decree is entered into between the United States, on behalf of the Secretary of the United States Department of Commerce and the National Oceanic and Atmospheric Administration ("NOAA"), and Defendants Rodger and Perry.

**INTRODUCTION**

A.　Plaintiff United States filed a complaint ("Complaint") against Defendants under the National Marine Sanctuaries Act ("NMSA"), 16 U.S.C. §§ 1431, et seq., seeking Damages, Response Costs, and injunctive relief, for Defendants' destruction of natural resources in the Florida Keys National Marine Sanctuary (the "Sanctuary"). NOAA is acting in its capacity as a trustee for Natural Resources, pursuant to 40 C.F.R. § 300.600(b)(1) and Department of Commerce Organization Order 25-6.

B.　On September 20, 2000, enforcement officers with the Florida Wildlife Conservation Commission observed Rodger and

Perry placing debris into the waters of the Sanctuary for the purpose of attracting spiny lobsters for harvesting. Upon observing this activity, the enforcement officers seized Rodger's and Perry's global position system (GPS) unit, which contained numerous saved waypoints of latitude/longitude coordinates. NOAA then investigated 147 of these waypoints, and found that 120 locations contained illegal debris and materials placed in the waters of the Santuary. NOAA alleges that these 120 locations of debris and material are related to the observed activities of Roger and Perry on September 20, 2000 incident, and that Roger and Perry are responsible for these 120 locations. Collectively, the site of the September 20, 2000 incident and the additional 120 locations are the "Sites."

    C.    The habitats in which these illegally-placed materials were located are predominantly mixed hard-bottom communities and seagrass communities. NOAA alleges that each piece of debris placed in these habitats has a direct effect on the resource by physically crushing sea grasses, stony corals, soft corals, sponges, and numerous invertebrates. NOAA alleges that the unnatural habitat debris collectively potentially disrupt the natural migration pattern of the spiny lobster community from the Florida Keys up the Atlantic coast of Florida.

    D.    To minimize the destruction of and injury to Sanctuary resources, to minimize the imminent risks of such destruction and injury, and to restore the Sanctuary resources, NOAA is

investigating the Sites and is in the process of clearing the illegal debris from the Sites. The costs of these activities are both "Response Costs" and "Damages" within the meaning of the NMSA. 16 U.S.C. §§ 1432(7) & 1432(6)(A)(i)(I).

E.  Defendants do not admit liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint, and do not admit any of the allegations of the Complaint.

F.  The United States has reviewed the financial information submitted by Defendants and has determined that Defendants are unable to pay the total amount of Damages and Response Costs sought by the United States under the Complaint.

G.  This settlement is made in good faith after arm's-length negotiations. The United States and Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter and entry of this Decree will avoid litigation between the Parties, is the most appropriate means to resolve the matters covered herein, and is fair, reasonable and in the public interest.

**NOW, THEREFORE**, with the consent of the Parties to this Decree, it is hereby **ORDERED, ADJUDGED AND DECREED**:

### JURISDICTION

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal question) and 1345 (United States as plaintiff), 16 U.S.C. §§ 1437(j) (NMSA Enforcement: Injunctive

Relief) and 1443(c)(2) (NMSA Civil Actions: Venue).

## BINDING EFFECT

2. This Consent Decree applies to and is binding upon the United States and upon Defendants and their heirs and assigns.

## DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree, including Response Costs and Damages, shall have the meanings ascribed to them in the NMSA, 16 U.S.C. §§ 1431, *et seq*. The following definitions also apply to terms used in this Consent Decree:

   a. "Date of Lodging of this Decree" shall mean the date that this Decree is lodged, or a copy of it is filed, with the Court.

   b. "Date of Entry of this Decree" shall mean the date that this Decree is entered by the Court.

   c. "Interest" shall be calculated in accordance with 28 U.S.C. § 1961.

   d. The "Sites" shall mean the sites of the September 20, 2000 placing of debris and materials, and the other 120 sites of debris and materials described in Paragraphs B and D of the Introduction to this Consent Decree.

## PAYMENT

4. Within 30 days of the Date of Entry of this Consent Decree, Steven Rodger shall pay the sum of $5,000 for Response Costs and Damages, plus Interest accruing from the Date of

4

Lodging of this Decree. Within 30 days of the Date of Entry of this Consent Decree, Jacob Perry shall pay the sum of $5,000 for Response Costs and Damages, plus Interest accruing from the Date of Lodging of this Decree. Both of these payments shall be made, separately, by Fedwire Electronic Funds Transfer to the U.S. Department of Justice account in accordance with current electronic funds transfer procedure, referencing DOJ case number 90-5-1-1-07890, and the title and civil action number of this case. A transmittal letter indicating that the EFT has occurred shall be sent to the Parties in accordance with the paragraph below entitled "Notices and Submissions."

## COMPLIANCE PROGRAM

5. (a) Defendants shall not, at any time, manufacture any artificial lobster habitat or artificial reefs, or otherwise place debris or illegal materials, within the boundaries of the Sanctuary.

(b) Defendants shall not engage in or participate in the commercial lobster fishery for a period of five years from the Date of Entry of this Decree. This includes but is not limited to the harvest or sale of lobster under any required state or federal permits or licenses, or Florida salt water products licence and includes working under another person's lobster license as a crew member. Nothing in this paragraph prevents Defendants from holding or applying for state recreation lobster licenses or harvesting recreation bag limits of lobster

5

for personal consumption. If necessary to preserve their status for activities after the five-year prohibition in this Consent Decree, Defendants may apply for and hold permits or licences in connection with commercial lobster activities, but may not actually harvest or take lobsters under those permits or licences for a period of five years from the Date of Entry of this Decree.

**CERTIFICATION**

6.   Each Defendant hereby certifies that, to the best of his knowledge and belief, after thorough inquiry, he has submitted to the United States financial information that fairly, accurately, and materially sets forth his financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted and the time the Defendant executes this Consent Decree. The United States expressly conditions its consent to this Decree on the accuracy of the foregoing representations by Defendants, and upon the limitations on Defendants' ability to pay the full amount of Response Costs and Damages sought in the Complaint.

**STIPULATED PENALTIES/DEFAULT**

7.   Defendants shall pay a stipulated penalty of $500 per day for each failure to timely make a payment under Paragraph 4, or comply with any term of the Compliance Program required by Paragraph 5 of this Consent Decree. Penalties for late payment shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. All other

Stipulated Penalties begin to accrue on the day that a violation of the Consent Decree occurs, and continue to accrue through the final day of the correction of the non-compliance.

8. In the event that a Defendants fails to timely pay any amount specified in Paragraph 4, it shall pay Interest on any balance due. Interest shall accrue on any unpaid amount from and including the Date of Lodging of the Consent Decree, until and including the day full payment of penalty and Interest is received by the United States. Payment of Interest due shall be made in the manner directed by the United States, and are in addition to any stipulated penalties.

9. The payment of a stipulated penalty shall not affect Defendant's obligation to satisfy the requirements of this Consent Decree, except for the obligation to pay the stipulated penalty.

10. Stipulated Penalties are due and payable within 30 days of the date of demand for payment by the United States, and shall be paid in the manner instructed by the United States. If a Defendant fails to pay Stipulated Penalties when due, Interest shall continue to accrue on the unpaid balance to the date of payment. In addition, the United States may institute proceedings to collect the penalties, as well as any Interest associated thereto.

11. Defendant shall be liable for attorney's fees and costs incurred by the United States associated with the collection of

7

Stipulated Penalties or any other amounts due under this Consent Decree.

12. If a Defendant fails to timely make any payment under this Decree, or to take any action specified in this Consent Decree, this Consent Decree shall be considered an enforceable judgment against that Defendant for purposes of post-judgment collection under Federal Rule 69, Federal Rules of Civil Procedure, and other applicable statutory authority without further order of this Court.

13. Nothing contained in this Consent Decree shall be construed to prevent or limit the rights of the United States to seek or obtain any other remedy, sanction or relief that may be available by virtue of Defendants' failure to comply with this Consent Decree, the NMSA, or any other applicable law or regulation.

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

14. In consideration of the compensation provided by Defendants in accordance with this Consent Decree and the actions required under this Consent Decree, and except as specifically provided in the following Paragraph, the United States covenants not to sue or to take any other civil or administrative action against each Defendant for Response Costs or Damages related to the Sites. These covenant not to sue are not effective until, and are conditioned upon, complete and satisfactory performance by each Defendant of his obligations under this Consent Decree.

8

These covenants not to sue are also conditioned upon the veracity and completeness of the financial information provided by each Defendant, and on the Certification contained in Paragraph 6. If the financial information is subsequently determined by the United States to be false or, in any material respect, inaccurate, this covenant not to sue shall be null and void. These covenants not to sue extend only to Defendants and not to any other person.

15. Plaintiff reserves, and this Consent Decree is without prejudice to, all rights of the United States against Defendant with respect to all matters other than those expressly specified in the preceding Paragraph.

16. Defendants hereby covenant not to sue and agree not to assert any claims or causes of action, including but not limited to claims under the Consitution of the United States of America, against the Plaintiff, its employees, agents, experts, or contractors, with respect to the Sites and with respect to the allegations contained in the Complaint.

## NOTICES AND SUBMISSIONS

17. Any notices or correspondence required to implement this Consent Decree shall be in writing and shall be deemed to have been made when sent by certified mail or its equivalent, including overnight courier, to the persons specified below:

    a. Notices or correspondence to be submitted to the United States shall refer to DJ No. 90-5-1-1-07890 and the title

9

and civil action number of this case, and shall be sent to:

> United States Department of Justice
> Chief, Environment and Natural Resources Division
> Environmental Enforcement Section
> P.O. Box 7611
> Washington, D.C. 20005

and

> Jason S. Forman
> Natural Resources Attorney
> Office of General Counsel
> National Oceanic & Atmospheric Administration
> 1315 East West Highway, Suite 15107
> Silver Spring, MD 20910
> Fax:(301) 713-1229

b.   Notices or correspondence to be submitted to Mr. Perry or Mr. Roger shall be sent to:

> Edward W. Horan
> Horan, Horan & Wallace
> 608 Whitehead Street
> Key West, Florida 33040
> Fax No. (305) 294-7822.

### RETENTION OF JURISDICTION

18.   The Court shall retain jurisdiction over both the subject matter of, and the Parties to, this action for the purposes of enforcing the Parties' rights and obligations under this Consent Decree until such time as Defendants have fulfilled all obligations under this Consent Decree.

### SIGNATORIES

19.   Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  This Consent Decree may be

signed in counterparts, and such counterpart signature pages shall be given full force and effect.

**ENTIRE AGREEMENT**

20. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

**FINAL JUDGMENT**

21. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and Defendants. This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.

DATED: February 23rd, 2004

/s/ K. M. Moore
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

CC: All Counsel of Record

11

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States v. Roger and Perry</u>:

FOR THE UNITED STATES OF AMERICA:

Dated: 2/19/04

_____
W. Benjamin Fisherow
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources
        Division
United States Department of Justice

Dated: 2/11/04

_____
Steven O'Rourke
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
        Division
United States Department of Justice
P. O. Box 7611
Washington, D.C. 20044-7611
(202) 514-9009
(202) 514-8395 (fax)

We HEREBY CONSENT to the entry of the Consent Decree in United States v. Roger and Perry:

FOR STEVEN RODGER:

Dated: 1/30/03

Edward W. Horan
Horan, Horan & Wallace
608 Whitehead Street
Key West, Florida 33040
Fax No. (305) 294-7822

Dated: 1/30/04

Mr. Steven A. Rodger
1008 17th Terrace
Key West, FL 33040

We HEREBY CONSENT to the entry of the Consent Decree in <u>United States v. Roger and Perry</u>:

FOR JACOB PERRY:

Dated: _____ /s/ Edward W. Horan
Edward W. Horan
Horan, Horan & Wallace
608 Whitehead Street
Key West, Florida 33040
Fax No. (305) 294-7822

Dated: _____ /s/ Jacob B. Perry
Mr. Jacob B. Perry
1 Ventana Lane
Key West, FL

**CERTIFICATE OF SERVICE**

    I, Steve O'Rourke, hereby certify that on this 18th day of February, 2004, I caused a true and correct copy of the foregoing Complaint to be served on Defendant by mailing a copy of same, first-class postage pre-paid, upon:

>Jason S. Forman
>Natural Resources Attorney
>Office of General Counsel
>National Oceanic & Atmospheric Administration
>1315 East West Highway, Suite 15132
>Silver Spring, Md 20910
>(301)713-1330
>
>Edward W. Horan
>Horan, Horan & Wallace
>608 Whitehead Street
>Key West, Florida 33040
>(305)294-4585 or 3488

_____
Steve O'Rourke